**ORIGINAL**



U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2002 SEP -3 PM 4:03

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTORIA NICKLIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 4-02CV-735-Y |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF, VICTORIA NICKLIN'S, ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Victoria Nicklin, hereinafter called Plaintiff, complaining of and about Navy Federal Credit Union, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Victoria Nicklin, is a citizen of the United States and the State of Texas and resides in Tarrant County, Texas.

2. Defendant Navy Federal Credit Union may be served by mailing a copy of this complaint and a summons by certified mail to the following address: Brian L. McDonnell at 820 Follin Lane, Vienna, Virginia 22180.

### JURISDICTION

3. The Plaintiff's claims result from injuries sustained as a direct result of the Defendant's intentional discrimination against her based on national origin, sex and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. The Plaintiff's claims therefore implicate federal questions arising from these Acts prohibiting discrimination and retaliation and

the Civil Rights Act of 1991

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and sex.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Navy Federal Credit Union, by and through its supervisory employees has failed to promote an equal employment opportunity environment. Specifically, Plaintiff has been subjected to intimidating, discriminating and offensive conduct based on her race and/or national origin and sex. The wrongful conduct has been a continuous action since July 2000 and has continued to escalate.

8. Recently, Plaintiff has been subject to severe verbal and emotional abuse from her supervisor and other members of the upper management team. Specifically on May 2, 2002, Plaintiff had an altercation with her supervisor. Plaintiff immediately filed a Request for Resolution with Employee Relations. Plaintiff had previously lodged a complaint against this same supervisor for discriminatory conduct. Less than a month after this second complaint was filed, Plaintiff was terminated from her position. Plaintiff believes that this hostile work environment and other

discriminatory acts made against her were because her national origin is half Asian and because of her sex.

## NATIONAL ORIGIN DISCRIMINATION

9. Defendant, Navy Federal Credit Union, intentionally engaged in unlawful employment practices involving Plaintiff because of her national origin, Asian.

## SEX DISCRIMINATION

10. Defendant, Navy Federal Credit Union, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

## DISCRIMINATION

11. Defendant, Navy Federal Credit Union, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's national origin and sex in violation of 42 U.S.C. Section 2000e (2)(a).

12. Defendant, Navy Federal Credit Union, intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

13. Plaintiff alleges that Defendant, Navy Federal Credit Union, discriminated against Plaintiff on the basis of national origin and sex with malice or with reckless indifference to the state-protected rights of Plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY NAVY FEDERAL CREDIT UNION

14. Defendant Navy Federal Credit Union intentionally or recklessly discriminated against Plaintiff. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY NAVY FEDERAL CREDIT UNION

15. Plaintiff alleges that the conduct of Defendant Navy Federal Credit Union constituted negligent hiring, supervision, training and retention. Plaintiff alleges that Defendant Navy Federal Credit Union did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether the claims of discrimination against Plaintiff were true and valid and if Plaintiff's supervisor, Julie Barber, was unfit, incompetent, or a danger to third parties. Defendant Navy Federal Credit Union knew or should have known that Julie Barber was unfit and could foresee that Julie Barber would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant Navy Federal Credit Union's failure to exercise reasonable care in the hiring, supervision, training and retention of Julie Barber was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## RETALIATION BY NAVY FEDERAL CREDIT UNION

16. Plaintiff alleges that Defendant Navy Federal Credit Union instituted a campaign of retaliation which included poor performance evaluations which have in the past or are currently causing a loss of income to Plaintiff. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

17. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Emotional pain;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Inconvenience;

h. Prejudgment interest;

i. Loss of enjoyment of life;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Reasonable medical care and expenses in the past. These expenses were incurred by Victoria Nicklin and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

m. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

n. Loss of earnings in the past;

o. Loss of earning capacity which will, in all probability, be incurred in the future; and

p. Loss of benefits.

## EXEMPLARY DAMAGES

18. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Victoria Nicklin, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Donald W. Berry
Texas Bar No. 00795865
1414 W. Randol Mill Road, Suite 203
Arlington, Texas 76006
Tel. (817)801-5052
Fax. (817)801-5418

Attorney for Plaintiff
Victoria Nicklin


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**